## THOMAS KENNEDY *vs.* PHILIP B. JONES.

### Washington. Decided October 25, 1877.

*Sale. Lien.*

When a sale once made and perfected is to be rescinded, the same formalities are required to revest the property in the original vendor, as were necessary to pass the title from him to the vendee.

When one has a lien on logs for supplies until paid, and the debtor pays them with his own means, taking a receipt in full, the creditor's lien is thereby discharged and a subsequent transfer of his extinguished interest will convey no rights.

ON EXCEPTIONS.

ASSUMPSIT. The verdict was for the plaintiff for $937.33; and the defendant alleged exceptions, which are stated in the opinion.

*G. Walker,* with *F. B. Bailey,* for the defendant.

*F. A. Pike & G. A. Curran,* for the plaintiff.

APPLETON, C. J. According to the plaintiff's statement, he owned a mark of logs, subject to a lien for stumpage and for supplies furnished by one Foss, while the logs were being cut and hauled. Having this general ownership, he went to Bangor in May, 1870, with written authority from Foss to sell the logs, subject to an agreement on the part of the purchaser to him. He there made an absolute sale of the logs to Messrs. Hodgkins & Co., they agreeing to pay Foss the amount due him. No resale from Hodgkins & Co. to the plaintiff is shown or alleged.

Subsequently, the plaintiff testifies he made an arrangement with Hodgkins & Co. by which they were to pay him the $900 due Foss on condition of his paying Foss and procuring from him a receipt for the amount due ; that he paid Foss by deeding his farm to him and took a receipt from him ; that Hodgkins & Co. refused to pay the sum of $900 ; that he sold his interest in the logs and in the claim Foss had upon the same to the defendant, first procuring from Foss an assignment of his claim.

The defendant's counsel requested the presiding justice to instruct the jury that if they should "find the contract between Kennedy and Hodgkins & Co. to be a sale of the logs to them, then Kennedy had no right to sell the logs to Jones and could make no sale of them to Jones as claimed in the first count of the plaintiff's writ." This request the court declined to give.

The sale to Hodgkins & Co. divested the plaintiff of all title to the logs. There is no allegation of a rescission of the contract of sale or of any resale to the plaintiff. If there was a sale, there must be the same formalities to revest the plaintiff with the title as were required to transfer the title from him to Hodgkins & Co. *Quincy* v. *Tilton*, 5 Maine, 277. Having no title to the logs, he had none to sell, and if his statement was believed he had no right to recover on the first count. The instruction requested should therefore have been given.

The second requested instruction was "that the payment by Kennedy of the Foss claim of nine hundred dollars was an extinguishment of that claim, and Kennedy could not be subrogated to the rights of Foss."

By the contract between Foss and Kennedy the control of Foss over the logs cut and to be cut by Kennedy was to continue "until all the money and supplies furnished by said Foss and all demands paid by said Foss in connection with said logging oper-ation are paid and satisfied." The plaintiff testifies the amount was ascertained and paid by him long before any negotiations between him and the defendant. Foss then had ceased to have any claim upon the logs or any debt against the plaintiff. It may be that Hodgkins & Co. refused to pay the plaintiff the $900 as they agreed ; but that would not affect Foss or enable him to re-

assert a claim which had been discharged by the party whose duty it was to discharge it. The second requested instruction should have been given.

The defendant, from the evidence of the plaintiff, has acquired no title to what he purchased ; nor does it appear that he has ever received anything in consequence of his bargain or is ever likely to receive anything. It may be, as the counsel for the plaintiff claims, that correct instructions as to other aspects of the case may have been given ; but that will not avail if those. requested were material and relevant and should have been given.

*Exceptions sustained.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.